NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1303

SHIRLEY C. MOORE

VERSUS

BOBBY LYNN MOORE

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 213,312
HONORABLE F. RAE SWENT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

AFFIRMED.

David E. Stone
P. O. Box 165
Alexandria, LA 71309
(318) 445-4601
Counsel for Plaintiff/Appellee:
    Shirley C. Moore

Randal Tannehill
Tannehill & Sylvester
P. O. Box 3246
Pineville, LA 71360
(318) 641-1550
Counsel for Defendant/Appellant:
    Bobby Lynn Moore

GREMILLION, Judge.

The defendant, Bobby Lynn Moore, appeals the trial court's judgment partitioning the property of he and his ex-wife, the plaintiff, Shirley C. Moore. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Shirley and Bobby were married in 1984 and divorced in January 2004. Bobby filed a petition for partition of community property in June 2004. Following a trial in November 2005, judgment was rendered partitioning the community property.

## ISSUES

Bobby assigns as error:

1.  The trial court's failure to order the adjacent lot located next to the former family home to be kept with the family home when testimony clearly indicated that the sewer system associated with the family home was located on said adjacent lot.

2.  The trial court's failure to accept the value of the former family home he presented since it was the most recent appraisal of the property.

3.  The trial court's failure to accept his value of the lot adjacent to the former family home.

4.  The trial court's failure to award him reimbursement for one-half of all house payments made on the former family home.

## DISCUSSION

We first note that Bobby's brief sets forth no jurisprudence or statutory law whatsoever in support of his very brief assignments of error. The division of community property and the settlement of claims arising from former community

1

property is governed by La.R.S. 9:2801. A trial court's findings with regards to the division and valuation of community property will not be disturbed in the absence of manifest error. *See Bridges v. Bridges*, 96-1191 (La.App. 3 Cir. 3/12/97), 692 So.2d 1186.

## ASSIGNMENT OF ERROR NUMBER ONE

The trial court awarded the former family home to Bobby and the adjacent lot to Shirley. Although not addressed in any manner at the trial level, Bobby now urges that awarding Shirley the adjacent lot, where the underground sewage system for the family home is located, while awarding Bobby the family home was manifest error because the value of both properties is diminished if they are not awarded jointly to one party. As pointed out by Shirley, there is nothing in the record to indicate that Bobby even suggested to the trial court that the properties be awarded together and that he complains of it for the first time on appeal. The only evidence presented tended to prove that the properties were separate and divisible. There were separate appraisals and valuations of the two different lots, and the adjacent lot was viewed as being "commercial" as opposed to residential. Accordingly, we find the trial court did not commit manifest error in awarding the family home to Bobby while awarding the adjacent lot to Shirley. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

Next, Bobby argues that the trial court erred when it failed to accept the appraisal of William Buelow, as it was the most recent appraisal. The trial court stated in its written reasons for judgment:

The parties presented separate appraisals of the two properties. There were two appraisals of the marital home, one done in 1999 by

2

Doug Cross and one done by Bill Buelow in 2003. Each appraiser who testified was clear that an appraisal is good for no more than one year; yet, the parties did not submit any later appraisals. The house was only two years old when the Cross appraisal was done. Mr. Buelow testified that his appraisal was lower, even though property values, in general have increased, because the area in which the residence is located is "trying to go commercial." Taking all of the testimony into consideration as well as the fact that neither party presented a current appraisal, the court believes that an average of the two appraisals would be most fair to the parties. Therefore, the court finds the value of the marital home is $184,250.00

Buelow testified that he appraised the house in 2003, at $176,500. He testified that the appraisal was no longer valid at the time of trial because an appraisal is only good for six months due to market variations. Buelow testified that it would be hard to state whether the property's value would have decreased since 2003, but that it was possible because he thought the area was heading in a commercial direction.

Douglas Cross, a real estate appraiser, testified that he appraised the house in September 1999 at $192,000. Mr. Cross was of the opinion that the value of the house would have appreciated over time. However, he testified that he was unaware that the sewer system was on the adjacent lot which would have decreased the value of the house "somewhat." He also testified that appraisals are no longer valid after six months, or at the very most, a year.

Having reviewed the evidence, we find no error in the trial court's valuation of the house at $184,250. This assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER THREE**

In this assignment of error, Bobby argues that the trial court erred in assigning a value of $20,000 to the lot adjacent to the former family home, urging that

3

the valuation does not take into account the existence of the sewer system associated with the family home. On the contrary, it appears the trial court did indeed consider the location of the sewer system:

> The valuation of the adjacent lot is a more difficult situation. On the Descriptive List, the wife claimed an unsubstantiated value of $25,000.00, and the husband claimed an unsubstantiated value of $15,000.00. Then, an appraisal was done by Mike Haynes on 1/21/05, giving a value of $45,000.00. On the appraisal report introduced as Exhibit Guinn-5, Haynes stated "There are no known adverse easements, encroachments, special assessments, illegal or legal nonconforming zoning use that would effect (sic) value or marketability of the subject" and "The final value is based on the assumption that the lot can be used for commercial purposes, and meets health department requirements for a sewerage system." At trial Haynes was asked by the husband's attorney if he knew whether or not the sewage system for the adjacent residence was located on the lot and Haynes said no one had given him that information. He opined, however, that such a situation might increase the value of the lot, because the lot would be "with utilities." The court believes, however, that such a situation might raise the issue of whether or not the adjacent residence was "without utilities;" certainly, the situation appears to present a question of an encroachment.
>
> The husband testified that the house utilities were, in fact, located on the lot. The wife testified that the utilities were originally on the lot but she saw some digging that made her think that the utilities had been moved closer to the house. She did not know where the utilities were now and did not know when they were moved. The court finds the testimony of the husband to be more credible on this issue. The court cannot accept the Haynes appraisal of the lot, as the value given was conditioned on the absence of the very fact issues that was shown to exist. Once again, the court has no current appraisal in evidence and must rely on an equitable solution. Therefore, the court will average the two amounts admitted on the two Descriptive Lists and finds the value of the lot is no less than $20,000.00.

Michael Haynes, an expert in real estate appraisal, testified that he appraised the commercial lot adjacent to the house for $45,000. However, Haynes testified that he was unaware that there was an (underground) sewer system that serviced the adjacent lot where the home is located. He was of the opinion that the existence of the sewer

4

system would not affect the value of the property or change his appraisal figure.

Again, we find no manifest error in the trial court's valuation of the adjacent lot. This assignment of error is without merit.

**REIMBURSEMENT**

Finally, Bobby urges that the trial court erred in failing to award him reimbursement for one-half of the mortgage payments he paid from March 2003 to the time of trial in the amount of $1,126.79 monthly. The trial court noted in its written reasons for judgement that most of the reimbursement claims were made for the time period of June 2003 to November 2004, and that it had "no evidence as to the amount of any remaining debt." The trial court stated:

> The husband claims on the Descriptive List a "credit" of $26,669.38 for the payment of community debts after termination. These payments, however, are not itemized on the List. At trial he presented Exhibits Bobby Moore #6, showing payments of $950.00, on the Biddle debt; #7, showing payments of $18,770.58, on the Chase mortgage on the family home; and #8, showing payments of $3,542.00, on the "Discover . . . 0186" account, The husband is entitled to one half of the amounts proved, which is $23,262.58, or $11,631.29.

Bobby provides little detail in his brief as to what error the trial court made in its award, but we assume that he is arguing that the trial court erred in failing to award him reimbursement for the mortgage payments made in March, April, and May 2003. Shirley testified that since she left the former family home in February 2003, she has not made any mortgage payments on the house. Bobby testified that he has resided in the house since Shirley left and has paid the mortgage from March 2003, through to the time of trial, in November 2004. However, as the trial court pointed out, the only evidence submitted at trial shows payments Bobby made from June 2003 through November 2004. Although there was some discussion at the end of the trial

5

that Bobby would provide additional information regarding mortgage payments, it appears that was never done. Accordingly, we find the trial court did not manifestly err in its reimbursements calculations, and this assignment of error is without merit.

## CONCLUSION

The judgment of the trial court partitioning the former community property of Bobby and Shirley Moore is affirmed. All costs of this appeal are assessed against the defendant-appellant, Bobby Lynn Moore.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.